318 So.2d 279

**Philip F. COHEN**

**v.**

**Daisy Lee WILLIAMS, as Administratrix of the Estate of Daisy Burrell.**

**SC 1094.**

Supreme Court of Alabama.

Aug. 21, 1975.

Marr & Friedlander, and Daniel G. Sayers, Mobile, for appellant.

Pillans, Reams, Tappan, Wood, Roberts & Vollmer, and William W. Stoudenmire, Mobile, for appellee.

EMBRY, Justice.

This appeal by Philip F. Cohen is from a decree of the Circuit Court of Mobile County against him and in favor of Daisy Lee Williams, the personal representative of Daisy Burrell, deceased. The decree was entered after oral hearing by the court without a jury. Action was brought on a judgment against Mobile Roofing and Construction Company, Inc., a corporation, that had previously been entered in favor of Daisy Burrell. The complaint invoked equitable principles to enforce that judgment against Cohen personally on the theory that Cohen so controlled the corporation, and conducted its business, as to make it merely his instrumentality and to permit the fiction of separate corporate entity to continue would allow the corporation to evade its just responsibilities.

The facts, as disclosed by the record, can be summarized as follows: Mobile Roofing was incorporated twenty-five to twenty-eight years prior to trial. It subcontracted home construction work, taking mortgages which were immediately assigned to a bank. Its subcontractors were paid with the funds derived from the assignments.

Sometime prior to 1967 Daisy Burrell contracted with Mobile Roofing for it to construct a house for her. During the term of that contract Cohen became the sole stockholder, director and officer of that corporation although at various times

prior thereto there had been as many as two other stockholders, directors and officers. In June 1971 Daisy Burrell recovered judgment against Mobile Roofing in the amount of $11,000 on a cause or causes of action arising from that contract or the conduct of Mobile Roofing during its existence. Cohen "dissolved" the corporation because of the judgment by going out of business (there was no evidence that the "dissolution" was effected by compliance with legal formalities).

For ten or twelve years prior to trial there had been no meetings of stockholders or directors; no minutes of any meetings existed. Cohen had freely withdrawn money from profits of Mobile Roofing; he had borrowed money on an insurance policy and paid debts of the "dissolved" corporation with these personal funds but had not paid on the Burrell judgment. After hearing this evidence the trial court entered judgment against Cohen personally in the sum of $11,000.

The question presented for review, by the various assignments of error, is: Under the evidence, was this an appropriate case, in furtherance of the ends of justice, to treat Mobile Roofing and Construction Company, Inc., a corporation, and Philip F. Cohen—the individual owning all its stock and assets—as identical?

■ We find the evidence sufficient to support the decree to this effect, therefore affirm.

One of the most lucid expressions of the general rule pertaining to the disregard of corporate entity is found at 18 Am.Jur.2d, Corporations, § 14, p. 559:

"The doctrine that a corporation is a legal entity existing separate and apart from the persons composing it is a legal theory introduced for purposes of convenience and to subserve the ends of justice. The concept cannot, therefore, be extended to a point beyond its reason and policy, and when invoked in support of an end subversive of this policy, will be disregarded by the courts. Thus, in an appropriate case and in furtherance of the ends of justice, a corporation and the individual or individuals owning all its stock and assets will be treated as identical."

■ In Alabama, as elsewhere, it is basic that a corporation is a distinct and separate entity from the individuals who compose it as stockholders or who manage it as directors or officers. *Loper v. Gill*, 282 Ala. 614, 213 So.2d 674 (1968). This is not a rule cast in concrete but rather this court has always looked to substance over form. In a proper case, when the corporate form is being used to evade personal responsibility this court has not been hesitant to disregard the corporate form and impose liability on the person controlling the corporation and subverting it to his personal use by the conduct of its business in a manner to make it merely his instrumentality. *C. E. Development Co. v. Kitchens,* 288 Ala. 660, 264 So.2d 510 (1972) and cases cited therein.

■ In addition to the facts summarized in this opinion there was abundant evidence from which the trial court could properly deduce that Mobile Roofing was a fictional shield employed by Cohen to avoid personal responsibility. Let us hasten to add that limitation of personal liability is one of the *valid* attributes of the corporate entity. The limitation of liability to the corporate assets must give way to imposition of personal liability where the actions of those in control of the corporation denigrate the purpose of limited liability, that purpose being to encourage investment of risk capital. The denigration of purpose by those in control is *a* persuasive factor when decision is made to impose personal liability in a proper and particular case. The decision is one made as an evidentiary matter on a case to case basis. For a full discussion of the general subject see *Inadequte Capitalization As A Basis For Shareholder Liability: The California Approach And A Recommendation,* 45 So. Calif.L.Rev. 823 (1972).

A homing signal guiding one to agreement with the trial court's conclusion that Mobile Roofing was a device utilized by Cohen to evade personal liability was evidence that the impending Burrell judgment against the corporation caused him to "dissolve" the corporation and assume personal responsibility for corporate liabilities, save and except the Burrell judgment.

 This court pointed out in *C. E. Development Co.,* supra, by reference to other authorities, including *Dixie Coal Min. & Mfg. Co. v. Williams,* 221 Ala. 331, 128 So. 799, that actual fraud is not necessarily a predicate for discarding the theory of separate corporate existence. It may also be discarded to prevent injustice or inequitable consequences. Again for an excellent general discussion, in this instance, of the purpose of disregard of corporate entity, see Fletcher, Cyc. Corp. (Perm.Ed.) Vol. 1, 1974 Revised Volume, § 41.2, p. 179.

Cohen argues that he did not consistently disregard the corporate entity and that imposition of personal liability should not be made as to a contract entered into with the corporation during the years it validly existed as a corporation. This argument misconceives the issue. This is an action to make Cohen liable for a judgment against the corporation. It is not an action on the contract made with the corporation; judgment against it liquidated the damages recovered in this action. The complaint alleges and the answer admits that plaintiff first sought to collect the judgment from the corporation. Because of Cohen's "dissolution" of the corporation, there were no assets from which the judgment could be collected. Cohen personally assumed liability for all corporate debts except the judgment. By the "dissolution" he sought to evade the judgment. These are precisely the type of acts which a court in the exercise of its inherent equitable powers may view to differentiate the form from the substance.

 Cohen also contends that in order to "pierce the corporate veil" (an over-worked cliche) it must be shown that the corporation was formed for the purpose of perpetrating fraud upon its customers or creditors. The "dissolution" to avoid consequences of the judgment is only another evidentiary factor tending to the deduction that Mobile Roofing was the *alter ego* of Cohen. A corporation "dissolved" to evade creditors can enjoy no more standing as an entity separate and apart from its sole stockholders and *alter ego,* who "dissolved" it for that purpose, than a corporation formed to accomplish such evasion. *Dixie Coal Min. & Mfg. Co.,* supra. To permit either would eradicate the equitable principles which underlie the reasons for disregarding the separate corporate entity in the particular case under the particular circumstances, as we have already discussed.

 The effect of our decision today will not subject Cohen to personal liability for any other than the Burrell judgment. Only the rights and liabilities of the parties in this case, in the circumstances of this case, may be adjudicated. Fletcher, Cyc. Corp., § 41.2, supra.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.