This cause is before us on a petition for a writ of mandamus by Petitioner/Plaintiff Patricia A. Baker, seeking to vacate an order: 1) dismissing Plaintiff's action against Defendant Hospital Corporation of America (HCA);[1] 2) transferring venue as to all other Defendants from Jefferson County to Cullman County.[2]
We affirm the trial court's order and deny the writ.
 FACTS
This action evolves from charges of medical malpractice brought by Plaintiff/Petitioner, a resident of Cullman County, in the Circuit Court of Jefferson County, for the allegedly wrongful death of Plaintiff's decedent, occurring at Woodland Community Hospital in Cullman County. Woodland Community Hospital is one of several hospitals owned by Defendant General Care Corporation (GCC).
HCA is a holding company incorporated under the laws of the State of Tennessee, with its principal place of business in Nashville, Tennessee. While properly qualified to do business in Alabama, HCA's only office in this State is in Montgomery. HCA maintains no office in Jefferson County, and employs no personnel in that county. HCA is primarily a holding company, although it does own two hospitals, both in Tennessee. Additionally, HCA owns the stock of a number of subsidiary corporations which are engaged in various businesses related to the delivery of health care services. Most of HCA's subsidiary corporations own and operate hospitals located throughout the United States and foreign countries. Each hospital owned by a subsidiary of HCA is operated under local control by an administrator and a board of trustees who reside in the community where the hospital is located. GCC, d/b/a Woodland Community Hospital, is an example of such a subsidiary/hospital.
HCA owns, directly or indirectly, the stock of two subsidiary corporations whose sole business is providing management consulting services for hospitals not owned by HCA or any of its affiliates (the "management subsidiaries"). Hospital Affiliates Management Corporation (HAMC) is one of these two management subsidiaries. It has a contract to provide management consulting services at South Highlands Hospital, in Birmingham, and, consequently, does business in Jefferson County. HCA acquired HAMC by a merger in 1981. HAMC had its management contract with South Highlands prior to the merger.
HAMC has three directors, all of whom are officers of HCA. None, however, is involved in HCA's day-to-day operations. There are also several individuals who perform staff functions, such as corporate counsel, and corporate secretary and treasurer for all subsidiary corporations owned by HCA, including HAMC; but they are *Page 1283 
removed from the actual operations of any subsidiary. The only aspects of commonality identified among the HCA subsidiaries relate to administrative matters, such as a centralized payroll, and to financial reporting, which is necessary to comply with regulations of the Securities and Exchange Commission and the New York Stock Exchange.
The officers and employees who manage the operations of HAMC are not employees of HCA, and have no duties with HCA. HCA does not sign or in any manner guarantee performance by HAMC under its management contracts.
HAMC operated independently of HCA for the years prior to the time HCA acquired the stock of HAMC through merger of HAMC's parent, Hospital Affiliates International, Inc., with an HCA subsidiary in August, 1981.
Plaintiff contends that HCC, GCC, d/b/a Woodland Community Hospital, and HAMC[3] are a "single" entity doing business in both Jefferson and Cullman Counties. Plaintiff further submits that HCA's relationship with its subsidiaries is not limited to that of a shareholder of the stock of the respective corporations, but that it exercises general management and control over the affairs of these corporations.
Most critical to Plaintiff's assertion as to the true status of the disputed corporate structure is the existence of a "booklet" or "brochure," used by HCA for marketing purposes.[4]
Because, as Plaintiff states, "It is this key factor upon which the Plaintiff bases her request that this Court order the ruling of the circuit court be vacated," certain portions of Plaintiff's argument concerning the alleged relevance of this publication are quoted verbatim:
 "It is critical to note that this booklet or brochure does not in anywise reference or denote the involvement of General Care or HAMC. A close scrutiny of this brochure will clearly indicate the far-reaching scope of HCA's representations as to its sole responsibility. It is also important to note that this fact is not merely part of the overwhelming evidence set forth by plaintiff indicating the alter ego relationship between the corporations — it is additionally, in and of itself, sufficient evidence on which to rule that HCA is not a separate corporate entity. Plaintiff bases this last assertion on the fact that in its order, the trial court stated, `Ordinarily the separate existence of a corporation is not disregarded, except when necessary to prevent fraud, injustice or inequitable consequences. . . .
Nothing of that sort appears in this case.'
 "Plaintiff strongly urges that the booklet distributed by HCA is tantamount to the very type of fraud and/or injustice mentioned in the trial court's order. Further, plaintiff submits that the actions of HCA in holding itself out as owning Woodland Community Hospital and managing South Highlands Hospital compel application of the principle of agency by estoppel to the facts of this case.
 "It is clear from the depositions of Charles Kown and Stanton Tuttle . . . that the booklet in question is designed to provide information about the hospital facilities HCA owns and/or controls. It is also evident that the booklet is distributed to the general public, as well as potential stockholders. Such distribution is obviously an advertising promotion from which HCA benefits directly by (1) drawing public attention to its control of hospital entities and (2) exhibiting corporate appeal to potential stockholders. Plaintiff therefore submits that to allow HCA to hold itself out as either owning or managing these entities, and then allow HCA to disclaim liability and responsibility to the Court due to a carefully constructed network of subsidiary corporations, is indeed a fraud and injustice on the public which can only result in inequitable *Page 1284 
circumstances. Thus HCA should be estopped from claiming that it is now a separate entity."
The issue decided below was not whether HCA should be allowed to "escape liability," but whether the venue of Plaintiff's action against HCA and GCC, d/b/a Woodland Community Hospital, was properly laid in Jefferson County. This, as submitted by HCA, was determined by responding to the question whether HCA and GCC were doing business in Jefferson County by agent (i.e., HAMC). The trial court answered that inquiry in pertinent part as follows:
 "In order to uphold venue of the action against these two qualified foreign corporations, it would be necessary to `pierce the corporate veil' of both General Care and HAMC and to find that each is the alter ego or a mere instrumentality of HCA, without a meaningful separate existence. The facts do not justify such a finding. To the contrary, the record in this case shows, and the court finds as fact, that the affairs of General Care Corporation, and those of HAMC, are conducted in a manner that is appropriate to their separate purposes and functions, without domination or any excessive degree of control by HCA. Neither of these subsidiary corporations can properly be regarded as the alter ego, or as a mere instrumentality, of their common parent, HCA."
Plaintiff concedes that HCA and GCC are properly qualified foreign corporations and are not subject to suit in Jefferson County unless doing business there by agent. As stated by HCA, and we think rightly so, Plaintiff makes no claim that HCA, or its wholly owned subsidiary GCC, does any business in Jefferson County through any of its own employees. The sole basis for Plaintiff's effort to bring this action in Jefferson County is the fact that another corporation, HAMC, is doing business in Jefferson County by way of its management contract with South Highlands Hospital. The trial court, after consideration of the record and argument of counsel, determined that the facts do not justify treating HAMC as an "agent" or "instrumentality" of HCA and GCC.
Thus, the issue is whether there is sufficient evidence to support the trial court's findings that the business affairs of HAMC are conducted in a manner that is appropriate to its separate purposes and functions, without domination or any excessive degree of control by HCA, and that HAMC cannot properly be regarded as the "alter ego," or a mere "instrumentality," of its corporate parent, HCA. We hold there is.
In Harrington Manufacturing Company, Inc. v. Ford MotorCompany, Inc., 414 So.2d 74 (Ala. 1982), the Court, in denying a writ of mandamus to a lower court which had refused to grant a motion to transfer venue, stated:
 "The writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner, Ex parte Slade, Ala., 382 So.2d 1127 (1980). The petitioner's right to relief must be clear and there must be no other adequate remedy. id. Neither of these prerequisites appears here. Accordingly, the writ of mandamus must be, and is, denied." 414 So.2d at 76.
A parent corporation which owns all the stock of a subsidiary corporation is not liable for acts of its subsidiary corporation, unless the parent corporation so controls the operation of the subsidiary corporation as to make it a mere adjunct, instrumentality, or alter ego of the parent corporation. Birmingham Realty v. Crossett, 210 Ala. 650,98 So. 895 (1923); Krivo Industrial Supply Company v. NationalDistillers and Chemical Corporation, 483 F.2d 1098 (5th Cir. 1973).
Defendants insist that in the trial court Plaintiff premised her claim for relief solely on the theory of "alter ego," only to adopt for the first time on appeal an argument of "agency by estoppel." *Page 1285 
Assuming, without deciding that Plaintiff's "agency by estoppel" theory is properly before us on appeal[5], we find it inapplicable to the facts before us.
As a general rule, the basic elements of estoppel are: 1) the actor, who usually must have knowledge of the facts, communicates something in a misleading way, either by words or conduct, or silence; 2) another relies upon that communication; and 3) the other party would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct. Mazer v. Jackson Insurance Agency,340 So.2d 770 (Ala. 1976).
Despite her primary emphasis on distribution by HCA of its marketing "pamphlet," or "brochure," Plaintiff has not shown that her decedent was aware of this publication, believed what it said, or relied on it to his detriment. Consequently, her claim of "agency by estoppel" is without merit.
The trial court did not err in its dismissal of the action as to HCA, or in its order transferring the cause as to the remaining Defendants from Jefferson to Cullman County.
WRIT DENIED.
All the Justices concur except TORBERT, C.J., who concurs in the result.
[1] Because of the transfer of venue to Cullman County, as to all Defendants except HCA, and because Plaintiff did not want the action against HCA severed from that against the other defendants, Plaintiff was given ten days from the date of the trial court's order to advise the court if she wanted the action against HCA transferred to Montgomery County (the county in which HCA was doing business). In the absence of such advisement, Plaintiff's cause against HCA would be dismissed.
[2] There are numerous Defendants herein, but only those pertinent to a resolution of the venue issue will be mentioned.
[3] HAMC is not a party to this action.
[4] The "pamphlet" identifies locations of, and hospitals owned by, or managed by, subsidiaries of HCA.
[5] The essence of this argument is that by its holding out to the public — through its "brochure" or "pamphlet" — the fact that GCC and HAMC were subsidiaries of HCA, HCA clothed GCC and HAMC with apparent authority to act on behalf of HCA as agents.