John E. WASHBURN, Director of Insurance for the State of Illinois, Plaintiff-Appellant,

v.

Gene RABUN, d/b/a Rabun's Insurance Agency, Defendant-Appellee.

No. 84–7093.

United States Court of Appeals, Eleventh Circuit.

March 11, 1985.

Edmon L. Rinehart, Montgomery, Ala., for plaintiff-appellant.

Andrew P. Campbell, W. Clark Watson, Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and THORNBERRY *, Senior Circuit Judge.

GODBOLD, Chief Judge:

This case concerns whether an individual who is a licensed Alabama insurance agent is liable for premiums collected by an Alabama corporation of which he is the sole stockholder, officer and director. There are two potential grounds of liability. First, the licensed agent may be liable under Alabama Code §§ 27–7–1(a) (1975), requiring insurance agents and brokers to be natural persons, and 27–7–36 (1975), providing that all premiums received by an agent "shall be trust funds." Second, it may be necessary to pierce the corporate veil because, as a matter of law, "the recognition of the corporate form will result in injustice or inequitable consequences." *McKissick v. Auto-Owners Insurance Co.*, 429 So.2d 1030, 1032 (Ala.1983); *Cohen v. Williams*, 294 Ala. 417, 318 So.2d 279, 281 (1975). Because each theory poses a question of state law which appears to control the outcome of this appeal and there are no clear controlling precedents in the decisions of the Alabama Supreme Court, we certify both questions to the Alabama Supreme Court under Rule 18 of the Alabama Rules of Appellate Procedure.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA, PURSUANT TO RULE 18, ALABAMA RULES OF APPELLATE PROCEDURE.

I. Style of the case

The style of the case in which this certification is made is John E. Washburn, Director of Insurance for the State of Illinois, Plaintiff-Appellant, versus Gene Rabun, d/b/a Rabun's Insurance Agency, Defendant-Appellee, case No. 84–7093, United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Northern District of Alabama.

II. Facts

Rabun has been licensed as an insurance agent by the State of Alabama since 1975 and as a surplus line broker since 1981. He is the sole stockholder, officer and director of Gene Rabun Insurance Company, Inc. ("GRIA"), an Alabama corporation. In 1980 GRIA entered into an agency agreement with Essex Insurance Brokers, Inc. to sell the insurance policies of Amherst Insurance Company in Alabama. Essex was the national general agent of Amherst. In 1981 GRIA entered into a second agency agreement with Essex to sell insurance policies on behalf of Kenilworth Insurance Company.

In April 1982 GRIA was advised that Kenilworth was insolvent and had been placed in liquidation by the Illinois Department of Insurance. In June 1982 Rabun, as president of GRIA, signed an agreement transferring the Kenilworth business done through GRIA to Amherst. Essex returned premiums paid by GRIA and Rabun used them to obtain replacement coverage for Kenilworth's policyholders.

This action was brought by James W. Schact, the liquidator of Kenilworth, alleging that Rabun, doing business as GRIA, had violated his fiduciary duty to Kenilworth by cancelling Kenilworth's policies and retaining for himself or disbursing to other insurers premiums due Kenilworth. Rabun moved for summary judgment on the ground that he could not be held individually liable, and Schact moved to amend the complaint to join GRIA as co-defendant

* Honorable Homer Thornberry, U.S. Circuit Judge for the Fifth Circuit, sitting by designa- tion.

and to add a count alleging conversion by Rabun. The district court granted the motion for summary judgment, finding no basis for piercing the corporate veil of GRIA and denied the motion to amend because it continued to assert a claim against Rabun individually. Schact moved to alter or amend the judgment, contending that it undermined Alabama's statutory scheme of individual responsibility of agents and brokers for premiums they collected. The motion was denied. Later the district court entered an order substituting John E. Washburn, Director of Insurance for the State of Illinois, as plaintiff.

III. Questions to be certified

1) Insurance is written in the state of Alabama for an out of state insurance company pursuant to a contract between its general agent and an Alabama corporation doing business as an insurance agency. Because Alabama Code § 27–7–1(a) requires agents and brokers to be natural persons, the corporation does business under the authority of a license issued to its sole stockholder, officer, and director. Alabama Code § 27–7–36 states that all premiums belonging to others received by an agent or broker in transactions under his license shall be trust funds. Does the out of state company's claim that these two statutes entitle it to a return of premiums or to damages for loss or conversion of premiums state a cause of action against the individual licensee?

2) Does the arrangement described in the first certified question establish as a matter of law that a cause of action is stated against the individual on the theory of piercing the corporate veil?

3) If a cause of action is not stated as a matter of law against the individual on the piercing of the veil theory, is the existence of the described arrangement a factual element to be considered in determining whether the corporate veil should be pierced?

The particular phrasing used in the certified questions is not to restrict the Supreme Court's consideration of the issues in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given. *See Martinez v. Rodriguez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Alabama, and simultaneously to transmit copies of the certificate to the attorneys for the parties.