ON APPLICATION FOR REHEARING
This Court's original opinion of January 11, 1991, is withdrawn, and the following is substituted therefor.
This case concerns a breach of an alleged partnership agreement. The appellants, Bob Bone and Ben Chenault, claim that John W. Jamison III, individually, breached the alleged partnership agreement and breached the fiduciary duty of honesty and fair dealing between partners when he failed to include them in a project to develop real estate. in Boaz.
Jamison is chairman of the board of Capital Resources Corporation, Inc., and George Bonfanti is the president. The appellants allege that Jamison represented that Bonfanti was the agent of Jamison and that Jamison, individually, was a partner to this agreement, based upon the actions of Bonfanti.
Jamison filed a motion for summary judgment, which he supported by his affidavit and by the depositions of Bone and Chenault. At a hearing on the motion, the trial court heard oral arguments and considered the deposition of Chenault in its entirety. The trial court found that no genuine issue existed as to any material fact and entered a summary judgment in favor of Jamison. Bone and Chenault appeal.
Bone and Chenault argue that there was substantial evidence in this case that Jamison, in his individual capacity, was a partner *Page 1060 
with them in this real estate venture. Their contention is based upon certain actions of Bonfanti that led them to believe that Jamison had conveyed through Bonfanti his desire to become their partner. However, the record is devoid of any specific instances in which Jamison indicated that Bonfanti was acting as his agent during the negotiations that form the basis of this suit. Based on the evidence that was before the trial judge, we hold that the summary judgment in favor of Jamison was appropriate.
Bone and Chenault failed to produce sufficient evidence that Bonfanti was acting on behalf of, and at the direction of, Jamison individually. In fact, the only evidence presented in opposition to the motion for summary judgment was a letter from Jamison on Capital Resources letterhead, signed in his capacity as chairman of the board, and an affidavit from Chenault. In his affidavit, Chenault stated:
 "I spoke with Mr. Jamison personally in the negotiations leading up to the partnership agreement referred to in the complaint in this case. Mr. Jamison introduced me personally to Mr. Bonfanti [the president of Capital Resources, Inc.] who Mr. Jamison said was 'Okay' and Mr. Jamison clearly implied that Mr. Bonfanti would be handling the property purchase negotiations and partnership agreement for Mr. Jamison and Capital Resources Corporation. During negotiations and following the partnership agreement, Mr. Jamison never denied that Mr. Bonfanti acted as Mr. Jamison's agent." (Emphasis added.)
The testimony in Chenault's deposition is as follows:
"Q. How much money had you agreed to put up?
"A. Twenty-five hundred dollars.
 "Q. And how much had who else that had agreed to put up any?
 "A. Mr. Bone had agreed to put up the same money, and Mr. Bonfanti as a representative of Capital Resources had agreed to put up the same amount, as well as Mr. Johnson." (Emphasis added.)
Also, Chenault in his deposition stated:
 "My interpretation was that we had a partnership with — we, being Mr. Bone and myself, had a partnership with Capital Resources and with Mr. Johnson verbally and in writing."
Assuming, without deciding, that a partnership was formed, the evidence indicates that Capital Resources could have been a partner through the actions of Bonfanti and a party to the partnership agreement with Bone and Chenault; however, the evidence does not indicate that Jamison, individually, was a partner. The record supports the conclusion that Jamison dealt with this partnership agreement as the chairman of the board of Capital Resources and not in his individual capacity. Bone and Chenault were not able to point to one specific incident in which they were led to believe either that Jamison intended to be a partner or that Bonfanti was representing Jamison individually as well as representing Capital Resources.
In situations where the dispute concerning the existence of a partnership is between the alleged partners, a partnership cannot be formed by operation of law or implication; there must be an agreement, express or implied, between the partners.Waters v. Union Bank of Repton, 370 So.2d 957
(Ala. 1979); see also Norman Properties v. Bozeman,557 So.2d 1265 (Ala. 1990); McCrary v. Butler,540 So.2d 736 (Ala. 1989).
In this case, the evidence fails to show any circumstance in which Bone and Chenault could have been led to reasonably believe that Jamison, individually, intended to be a partner. The appellants have not produced any evidence that Bonfanti's actions were other than those of an employee and agent of Capital Resources. Without a showing of such evidence, the factfinder could not find that Bonfanti, the president of Capital Resources, was acting as the agent of Jamison. We are satisfied that the evidence presented to the trial court made a prima facie showing that Bonfanti was acting within the scope of his employment *Page 1061 
with Capital Resources and that Bone and Chenault failed to produce substantial evidence to overcome this showing.
This situation is similar to cases that have allowed the corporate veil to be pierced. Our case law holds that the corporate identity will not be disregarded unless the individual sought to be charged with the corporation's liability has used the corporate identity as his alter ego.Forester Jerue, Inc. v. Daniels, 409 So.2d 830
(Ala. 1982). Also, this Court has held that a corporation is a "distinct and separate entity from the individuals who compose it as stockholders or who manage it as directors or officers."Cohen v. Williams, 294 Ala. 417, 420, 318 So.2d 279,281 (1975). Also, the "corporate form is not lightly disregarded, since limited liability is one of the principal purposes for which the law has created the corporation."Krivo Industrial Supply Co. v. National Distillers Chemical Corp., 483 F.2d 1098, 1102 (5th Cir. 1973). Bone and Chenault have offered no evidence that Jamison's actions in regard to Bonfanti were inconsistent with their working relationship within the corporation. They also argue that the burden was on Jamison to show that he was not a partner and that Bonfanti was not his agent. We disagree. "[W]hen a defendant's liability is based on agency, agency may not be presumed; evidence of agency must be presented in response to defendant's properly supported summary judgment motion, in order for the motion to be defeated." Carlton v. AlabamaDairy Queen, Inc., 529 So.2d 921, 923 (Ala. 1988) (citingWood v. Shell Oil Co., 495 So.2d 1034, 1036
(Ala. 1986); Celotex Corp. v. Catrett, 477 U.S. 317,106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).
We find that Jamison, through his affidavit and the depositions of Bone and Chenault, showed the trial court that no question of material fact existed, and that the appellants failed to overcome this prima facie showing by Jamison.
We hold that the summary judgment in favor of Jamison, individually, was correctly entered. It is due to be affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; AFFIRMED.
MADDOX, ALMON, SHORES and HOUSTON, JJ., concur.