This appeal arises from an action brought by M M Wholesale Florist, Inc. ("M M"), to recover on the account of Bay Minette Flower Shop, Inc.; M M sought to recover from Mary Maude Emmons and her son Floyd Earl Emmons, Jr., individually. In the early 1950s, Mrs. Emmons opened an account at M M in order to purchase flowers and florist supplies for her flower shop in Bay Minette. In 1973, the flower shop was incorporated. Mrs. Emmons managed the day-to-day operations of the business until sometime in the 1980s, when her son took over those operations. It is undisputed that the debt on the account at M M was incurred after the flower shop was incorporated and while Mr. Emmons was running the store.
In order to recover against an individual for the debts of a corporation, the plaintiff must show (1) that the individual agreed to be liable for the debts; or (2) that the facts surrounding the transaction support a disregard for the corporate form. The evidence is undisputed that there was no agreement between the parties that Mrs. Emmons or her son would be personally liable for the debts of the flower shop to M M. Therefore, M M is not entitled to recover the amount owing on the flower shop's account from those individuals on that basis.
There is no evidence that would support this Court's disregarding the corporate form and "piercing the corporate veil." This Court has said:
 "Our case law holds that the corporate identity will not be disregarded unless the individual sought to be charged with the corporation's liability has used the corporate identity as his alter ego. Forester Jerue, Inc. v. Daniels, 409 So.2d 830 (Ala. 1982). Also, this Court has held that a corporation is a 'distinct and separate entity from the individuals who compose it as stockholders or who manage it as directors or officers.' Cohen v. Williams, 294 Ala. 417, 420, 318 So.2d 279, 281 (1975). Also, the 'corporate form is not lightly disregarded, since limited liability is one of the principal purposes for which the law has created the corporation.' Krivo Industrial Supply Co. v. National Distillers Chemical *Page 1000 Corp., 483 F.2d 1098, 1102 (5th Cir. 1973)."
Chenault v. Jamison, 578 So.2d 1059, 1061 (Ala. 1991).
This Court has stated that the following factors are to be considered when determining whether to disregard the corporate form: "(1) inadequacy of capital; (2) fraudulent purpose in conception or operation of the business; or (3) operation of the corporation as an instrumentality or alter ego." FirstHealth, Inc. v. Blanton, 585 So.2d 1331, 1334 (Ala. 1991).
The only evidence in this case to support this Court's disregarding the corporate entity is the evidence that the account was opened while the flower shop was a sole proprietorship and that M M was never informed of the subsequent incorporation. These facts alone — for indeed there is no other evidence in the record to indicate that either Mrs. Emmons or her son agreed to be personally liable or to support piercing the corporate veil — are not sufficient to allow a court to disregard a validly created corporate entity. Therefore, we affirm the summary judgment in favor of Mrs. Emmons and her son.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.