[1] We have styled this case just as it is styled in the United States Court of Appeals.
The United States Court of Appeals for the Eleventh Circuit,966 F.2d 1392, certified to this Court the following question of law:
 "Whether under Alabama law the tort doctrine of 'duty to control' could be applied to hold a parent corporation liable for the acts of its subsidiary."
The answer to this question is sought in regard to all actions encompassed by a January 8, 1991, order issued from the United States District Court for the Northern District of Alabama in which the district court consolidated, for pretrial purposes, all cases in that district "asserting claims for personal injury, illness, or death from exposure to asbestos products or asbestos-containing products." In these consolidated actions, the plaintiffs generally *Page 1362 
allege that they had been exposed to asbestos in the workplace and had suffered serious injury as a result. (Some plaintiffs represent the estates of persons they say died because of exposure to asbestos in the workplace.) The defendants are parent corporations that the plaintiffs alleged held voting interests in subsidiaries that manufactured, installed, or sold asbestos or asbestos-containing products and then placed these products into the stream of commerce, where they ultimately became a part of the buildings where the plaintiffs (or their decedents) worked. The plaintiffs seek to hold the parent corporations liable for the activities of the asbestos-related subsidiaries.
It is well settled that a parent corporation, even one that owns all the stock of a subsidiary corporation is not subject to liability for the acts of its subsidiary unless the parent so controls the operation of the subsidiary as to make it a mere adjunct, instrumentality, or alter ego of the parent corporation. First Health, Inc. v. Blanton, 585 So.2d 1331
(Ala. 1991); Simmons v. Clark Equip. Credit Corp.,554 So.2d 398 (Ala. 1989); Messick v. Moring, 514 So.2d 892 (Ala. 1987);Duff v. Southern Ry., 496 So.2d 760 (Ala. 1986); Washburn v.Rabun, 487 So.2d 1361 (Ala. 1986); American Pioneer Life Ins.Co. v. Sandlin, 470 So.2d 657 (Ala. 1985); Ex parte Baker,432 So.2d 1281 (Ala. 1983); Cohen v. Williams, 294 Ala. 417,318 So.2d 279 (1975). However, the mere domination or control of a corporation by its stockholder cannot be enough to allow a piercing of the corporate veil; rather, there must be the added elements of misuse and harm or loss resulting from the misuse.First Health, Inc. v. Blanton, supra. Limited liability is one of the principal purposes for which the law has created the corporation. Chenault v. Jamison, 578 So.2d 1059 (Ala. 1991). Thus, it is the law in Alabama that a plaintiff must first "pierce the corporate veil" before the parent corporation's liability may be established.
The plaintiffs advocate a departure from this established doctrine of "piercing the corporate veil" and argue that a parent corporation should be liable for the acts of its subsidiary if (1) the parent controls the subsidiary and (2) the parent can foresee the harm that the subsidiary's activities may have. The plaintiffs base this "duty to control" theory on Restatement (Second) of Torts § 315 (1965), which states:
 "There is no duty to control the conduct of a third person as to prevent him from causing physical harm to another unless
 "(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
 "(b) a special relation exists between the actor and the other which gives the other a right to protection."
The type of "special relation" that would establish the third person's duty to control the actor is defined in §§ 316 and 319 of the Restatement. These relations include those of parent and child and master and servant, the relation of a possessor of land or chattels to a licensee, and the relation of one who takes charge of a person having dangerous propensities to a person who may be harmed as a result of those dangerous propensities. The plaintiffs contend that the association between a parent company and its subsidiary should also be deemed a "special relation" for purposes of § 315. Their theory of liability rests upon the premise that the § 315 duty to control should apply in any circumstance where one individual controls the actions of another and the other's actions result in foreseeable harm.
No Alabama case has adopted this theory or specifically embraced § 315(a) as part of this state's tort law. The plaintiffs have not shown that other jurisdictions have applied § 315(a) to establish a corporate parent's responsibility for its subsidiary's business activities, and the authorities they have cited do not persuade us to create this rule of law as an alternative to our long-held doctrine of piercing the corporate veil. We therefore hold that, under Alabama law, the "duty to control" doctrine may not be applied to hold a parent *Page 1363 
corporation liable for the acts of its subsidiary.
QUESTION ANSWERED.
MADDOX, ALMON, SHORES, HOUSTON and KENNEDY, JJ., concur.