Southern Sash Sales and Supply Company, Inc. ("Southern Sash"), and Elton H. Darby appeal from a judgment awarding $83,036.50 in compensatory damages and $12,500 in punitive damages in favor of Ann Hendricks Wiley and Nancy Wayne Hendricks. This judgment is based upon a prior lawsuit in which Wiley and Hendricks had been awarded $61,040 for past due rents and repairs on a building that they had leased to Southern *Page 970 
Sash of Decatur, Inc. ("Decatur Company"), a company owned by Elton H. Darby.
Darby owns 93% of the outstanding stock in Southern Sash. He has been chairman of the board of directors and chief executive officer of Southern Sash since 1947. Darby also had owned 100% of the outstanding stock and had been chairman of the board of directors and chief executive officer of the Decatur Company. The Decatur Company is no longer in business.
In 1977 Darby took a security interest in the accounts receivable of the Decatur Company as security for a loan in the amount of $920,980.93 that he had made to that company. In July 1983, the parties amended the security agreement to include all of the Decatur Company's assets as collateral for the debt owed Darby. A financing statement was filed with the secretary of state on July 14, 1983. A continuation statement was filed five years later. On September 4, 1989, Darby made a written demand for full payment of the debt owed him by the Decatur Company, on December 31, 1989. On December 14, 1989, Wiley and Hendricks had obtained a judgment for $61,040 against the Decatur Company. The debt was not paid and, in January 1990, Darby sent a notice to the Decatur Company requesting that it assemble its assets for possession and sale by the creditor. The assets of the Decatur Company were sold to Southern Sash, by private sale, on February 15, 1990, for $411,295.25. The Decatur Company had no remaining assets after the sale of February 15, 1990. As a result, Wiley and Hendricks were unable to enforce the judgment they had previously obtained against the Decatur Company.
Wiley and Hendricks brought an action in the Limestone Circuit Court, seeking recovery from Darby, individually, and from Southern Sash, based on theories of alter ego or "mere instrumentality" and fraudulent conveyance. The jury found sufficient evidence to pierce the corporate veil and awarded Wiley and Hendricks the $95,536.50 that is the basis of this appeal. The trial court denied Darby and Southern Sash's motion for a judgment notwithstanding the verdict or for a new trial and entered a judgment on the verdict.
The dispositive issue on appeal is whether there was sufficient evidence for the jury to find that Darby and Southern Sash were responsible for the judgment indebtedness of the Decatur Company so as to permit the jury to pierce the corporate veil and hold Southern Sash and Darby liable for the indebtedness of the Decatur Company.
A corporation is a legal entity existing separate and apart from those who own and operate it. Cohen v. Williams, 294 Ala. 417,420, 318 So.2d 279, 281 (1975). The corporate form may be set aside, however, as a means of preventing injustice or inequitable consequences. Cohen, 294 Ala. at 421,318 So.2d at 281. This Court has held that a "separate corporate existence will not be recognized where a corporation is so organized and controlled and its business conducted in such a manner as to make it merely an instrumentality of another." Forest HillCorp. v. Latter Blum, Inc., 249 Ala. 23, 28, 29 So.2d 298,302 (1947); see also Woods v. Commercial Contractors, Inc.,384 So.2d 1076, 1079 (Ala. 1980).
Southern Sash took over the bank account of the Decatur Company on February 8, 1990, one week before the Decatur Company's assets were sold to Southern Sash by private sale. By a corporate resolution adopted on February 12, 1990, the directors of Southern Sash voted to transfer the bank account of the Decatur Company to Southern Sash; this was three days before Southern Sash could have acquired a lawful interest in the Decatur Company. The bank account used by Southern Sash after its acquisition of the Decatur Company's assets had the same account number as the Decatur Company account.
After purchasing the Decatur Company's assets, Southern Sash operated the business previously operated by the Decatur Company, operating it at the same location, under the same name, with the same company sign, with the same employees, and with the same telephone number and the same telephone listing. A privilege license was purchased in the name of the Decatur Company five days after Southern Sash had acquired the Decatur Company's assets. State, county, and city sales tax returns continued to be filed in *Page 971 
the name of the Decatur Company for seven months after the sale.
Darby's security interest in the Decatur Company's assets was allegedly collateral for a loan made by Darby to the Decatur Company. However, no interest was paid on this loan from 1983 forward and no interest was reported on the Decatur Company's corporate tax returns.
The jury could have found that Darby's transaction with his wholly owned corporation in 1983 created only a paper interest and was not a real transfer of a property interest, and that it gave rise to a fraud perpetrated in 1990. This Court has always looked to substance over form. The legal concept of a separate corporate existence should not be so extended as to enable a corporation to become a vehicle for evading just responsibility. C.E. Development Co. v. Kitchens, 288 Ala. 660,264 So.2d 510 (1972); Forest Hill Corp. v. Latter Blum, Inc.,249 Ala. 23, 28, 29 So.2d 298, 302 (1947).
The evidence was sufficient for the jury to conclude that the entire sequence of transactions between Darby, the Decatur Company, and Southern Sash was nothing more than a sham and a subterfuge. A jury's verdict is presumed correct, and it will not be disturbed unless it is plainly erroneous or manifestly unjust. Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160, 162
(Ala. 1988). In addition, a judgment based upon a jury verdict and sustained by the denial of a postjudgment motion for a new trial will not be reversed unless it is plainly and palpably wrong. Ashbee v. Brock, 510 So.2d 214 (Ala. 1987).
Having rejected Darby and Southern Sash's argument that the evidence was not sufficient for the jury to find them responsible for the judgment against the Decatur Company, we find their other arguments to be without merit. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.