I concur specially to point out that the result reached by the majority should be expressly limited to the peculiar facts and issues presented by this appeal wherein a litigant seeks to pierce the corporate veil.
Ordinarily, pursuant to our rules of pleading, the failure to serve or add Luther S. Pate IV, as a party defendant by a motion of the plaintiff or by an order of the trial court would result in a void judgment. Smith v. Clark, 468 So.2d 138
(Ala. 1985). The general rule pertaining to the disregard of a corporate entity was stated by our Supreme Court as follows:
 " 'The doctrine that a corporation is a legal entity existing separate and apart from the persons composing it is a legal theory introduced for purposes of convenience and to subserve the ends of justice. The concept cannot, therefore, be extended to a point beyond its reason and policy, and when invoked in support of an end subversive of this policy, will be disregarded by the court. Thus, in an appropriate case and in furtherance of the ends of justice, a corporation and the individual or *Page 427 
individuals owning all its stock and assets will be treated as identical.' "
Cohen v. Williams, 294 Ala. 417, 420, 318 So.2d 279, 280 (1975) (citation omitted).
YATES, J., concurs.