**[CORRECTED]**                                          [PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 01-13734
Non-Argument Calendar

_____

D.C. Docket No. 99-03449-CV-C-NE

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 28, 2002
THOMAS K. KAHN
CLERK

FEDERAL INSURANCE COMPANY,
individually,
PEARCE CONSTRUCTION COMPANY, INC.,
through assignee Federal Insurance Company,

Plaintiffs-Appellants,

versus

TRAVELER'S CASUALTY AND SURETY COMPANY,
TRAVELER'S PROPERTY CASUALTY CORP,
AETNA CASUALTY & SURETY COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 28, 2002)

Before BLACK, MARCUS and GODBOLD, Circuit Judges.

PER CURIAM:

A substantial judgment was entered against an insured in a case arising from the death of a worker on the insured's job site. The insured maintained primary liability coverage with Aetna (now Travelers), and excess coverage from Federal Insurance Company. The decendent's personal representative sued the employer but settlement negotiations were unsuccessful. A jury then returned a substantial verdict in favor of the personal representative. Thereafter the parties settled and Travelers paid the limits of its primary coverage, $1,000,000, and Federal paid the balance of $3,600,000.

Federal then sued Travelers alleging that it had breached the duty of good faith in several respects: in failure to settle, in deciding whether to settle, and in failure to keep Federal informed of settlement negotiations and of developments adverse to the two insurers. Alternatively Federal alleged that as an excess insurer it was equitably subrogated to rights of the insured arising out of the foregoing duties of Travelers as primary carrier. The district court entered summary judgment for Travelers.

On appeal this court found that there were no clear controlling precedents in decisions of the Alabama Supreme Court, therefore it certified to that court the following two questions (as slightly rephrased by that court): Fed. Ins. Co. v. Traveler's Cas. & Sur. Co., 280 F.3d 1356 (11th Cir. 2002).

2

(1)     Whether, absent any specific contractual duty, a primary insurance carrier owes a duty of good faith in each, or all, of the following duties to an excess carrier in its conduct of the defense of an insured who is insured by both: duty of good faith to settle; duty of good faith in deciding whether to settle; and duty of good faith to keep the excess carrier informed of settlement negotiations and adverse developments.

(2)     Whether an excess carrier, whose insured was "never subject to a final judgment ordering the payment of money that [the insured] personally – and not his insurer – would have to pay," can be equitably subrogated to the rights of the insured arising out of any of the foregoing duties against the primary carrier in the conduct of its defense of the mutual insured.

The Alabama Supreme Court answered each question in the negative. Federal Ins. Co. v. Travelers Cas. & Sur. Co., 2002 WL 1998282 Ala. (Aug. 30, 2002).

The Supreme Court's answers have set out the applicable Alabama law, we apply that law, as we must, and hold that the district court correctly entered judgment for Travelers. The judgment is **AFFIRMED**.