SEE, Justice
(dissenting).
The record in this case supports the trial court’s finding that any business assets that originally belonged to Bank Repo Center, a sole proprietorship by whom Charles Elkins was employed, should be available to satisfy Elkins’s domesticated Georgia judgment awarding Elkins workers’ compensation benefits. However, I do not agree with the trial court’s holding that Phillip E. Hornsby’s personal assets are subject to execution in satisfaction of the Georgia judgment. For Phillip Horns-by’s personal assets to be subject to the satisfaction of the Georgia judgment, the trial court must either have pierced the corporate veil of Phil’s Motor Service, Inc., or inferred that a partnership existed between Mack Hornsby and Phillip Hornsby at the time the judgment was entered. I do not believe that the record supports either conclusion. For this reason, I respectfully dissent from the order quashing the writ of certiorari.
Bank Repo Center is a now defunct Georgia unincorporated business entity owned by Mack Hornsby. Elkins filed a workers’ compensation claim in Georgia against “Bank Repo Center and/or H & H Mobile Home Service.” On October 5, 1999, an administrative law judge entered an order in favor of Elkins. On November 1,1999, Phillip Hornsby reserved the name “Phil’s Motor Service” with the Alabama Secretary of State, and he filed articles of incorporation on December 10, 1999. After the Georgia State Board on Workers’ Compensation upheld Elkins’s award, he filed and received a judgment in the amount of $45,801.40 in the Superior Court of Muskogee County, Georgia, against “Bank Repo Center d/b/a Mobile Home Service.” Elkins then moved to domesticate his judgment in Alabama in the Russell Circuit Court, because he believed the entity’s assets had been moved to Alabama. The first time Elkins ever indicated that “Phil’s Motor Service d/b/a/ Bank Repo Center” was a defendant in the action was on October 10, 2002, in a letter purporting to correct that defendant’s address. On May 5, 2004, the trial court issued the writ of execution against “Phillip E. Hornsby and/or Bank Repo Center.” The trial court denied Phillip Hornsby’s motion to quash the writ, and Phillip Hornsby appealed to the Court of Civil Appeals, which affirmed the trial court’s judgment without an opinion. Hornsby v. Elkins (No. 2031141, Dec. 9, 2005), — So.2d — (Ala.Civ.App.2005) (table). Phillip Hornsby then petitioned this Court for the writ of certiorari.
In his brief to this Court and before the trial court, Elkins did not provide any theory of liability that would justify the trial court’s reaching Phillip Hornsby’s personal assets to satisfy Elkins’s workers’ compensation award. First, it does not appear that Elkins ever argued to the trial court either that the corporate veil of Phil’s Motor Service should be pierced or that Bank Repo Center was actually a partnership comprising Mack Hornsby and Phillip Hornsby. The only suggestion of *871 any such argument appears on pages 29 and 30 of the trial transcript, where counsel for Elkins suggests that the attorney for Bank Repo Center also represented Phillip Hornsby and thus that the two were “one in the same.” Even there, however, it is not clear whether counsel is referring to Phillip Hornsby in his individual capacity or in his capacity as president of Phil’s Motor Service, but, if he is referring to Phillip Hornsby in his individual capacity, the fact that two entities use the same attorney, even to the extent of using the same attorney in the same litigation, has never meant that they are the same business and are responsible for one another’s debts. See Ministry of Defense of Iran v. Gould, Inc., 969 F.2d 764, 769 (9th Cir.1992) (affirming trial court’s decision not to pierce the corporate veil when corporation and subsidiary were represented by the same attorneys); Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d 538, 538 (5th Cir.1990) (“[T]he fact that two corporations retain the same attorney is hardly any basis for disregarding their corporate entities, and it is certainly not adequate to overcome the defendants’ legitimate interest in avoiding the piercing of the corporate veil and the imposition of liability for one another’s acts.”); EEOC v. Custom Cos. (Nos. 02 C 3768 & 03 C 2293, Oct. 26, 2006) (N.D.Ill.2006) (not published in F.Supp.2d) (refusing to pierce the corporate veil because, “[although [the plaintiffs] may have employed the same outside attorney, that does not suffice to show neglect of corporate formalities”); and McCurdy v. Wedgewood Capital Mgmt. Co. (No. Civ.A.97-4304, Nov. 16, 1998) (E.D.Pa.1998) (not reported in F.Supp.2d) (“The mere allegation that corporations were not operated as independent entities and that various entities were represented by the same attorney is insufficient to support discovery of the financial information sought by the Plaintiff [in an action seeking to pierce the corporate veil].”).
Even if Elkins had put forward the arguments that the corporate veil should be pierced or that Mack Hornsby and Phillip Hornsby were partners at the time the judgment in favor of Elkins was entered, Elkins has not provided sufficient evidence to support holding Phillip Hornsby personally liable for the debt of Bank Repo Center. First, it does not appear that this case is a proper one for piercing the corporate veil as to Phillip Hornsby individually. This Court has applied the following factors in justifying imposing personal liability on a shareholder: “1) inadequacy of capital; 2) fraudulent purpose in conception or operation of the business; 3) operation of the corporation as an instrumentality or alter ego.” Culp v. Economy Mobile Homes, Inc., 895 So.2d 857, 859-60 (Ala.2004). In establishing a fraudulent purpose or establishing that a business is being operated as an alter ego, it takes more than proof of a shareholder’s desire to avoid personal liability for the business’s debts. “ ‘[T]he “corporate form is not lightly disregarded, since limited liability is one of the principal purposes for which the law has created the corporation.”’” M & M Wholesale Florist, Inc. v. Emmons, 600 So.2d 998, 999 (Ala.1992) (quoting Chenault v. Jamison, 578 So.2d 1059, 1061 (Ala.1991)). “To pierce the corporate veil, a plaintiff must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequences.” Simmons v. Clark Equip. Credit Corp., 554 So.2d 398, 400 (Ala.1989).
The key issue is whether Phillip Horns-by has wrongfully asserted the corporate form in order to avoid his own personal responsibilities. See Cohen v. Williams, 294 Ala. 417, 420, 318 So.2d 279, 281 (1975) (“[W]hen the corporate form is being used to evade personal responsibility this [C]ourt has not been hesitant to disregard *872 the corporate form and impose liability -”); and Scudder v. Scudder, 485 So.2d 743, 745 (Ala.Civ.App.1986) (imposing personal liability when a husband, in a divorce proceeding, used the corporate form to prevent his assets from being subjected to a claim by his wife). There is no evidence in the record indicating that Phillip Horns-by was ever personally liable to Elkins because of his involvement with the Georgia entity or that Phillip Hornsby’s incorporation of Phil’s Motor Service in Alabama was intended to evade that personal liability to Elkins, if it did exist. Bank Repo Center was owned by Mack Horns-by, and, so far as the record shows, Phillip Hornsby was simply an employee of the business. Nor has there been a showing that Phillip Hornsby abused the corporate form as it related to Phil’s Motor Service, subverted the assets of that corporation to his personal use, intermingled his funds with those of the corporation, or failed to follow the corporate formalities. Scudder, 485 So.2d at 745; Simmons, 554 So.2d at 401; and Messick v. Moring, 514 So.2d 892, 895 (Ala.1987).
Moreover, I do not believe the record supports a finding that Bank Repo Center was a partnership between Mack Hornsby and Phillip Hornsby. The only facts in the record that might support such a finding are the following: Bank Repo Center was a sole proprietorship owned by Mack Hornsby; Phillip Hornsby was employed by Bank Repo Center; after the workers’ compensation award was entered for El-kins, Phillip Hornsby participated in the decision not to satisfy the award; and certain financial records for an accounting period after the workers’ compensation award was entered for Elkins showed identical figures for both Bank Repo Center and Phil’s Motor Service. Evidence of a sole proprietorship is not evidence of a partnership; evidence that one is an employee of a sole proprietorship is not evidence that the employee is a partner; and an employee’s participation in a managerial decision is not evidence that the employee is a partner.
It may be that the identical accounting figures for Bank Repo Center and Phil’s Motor Service is evidence supporting a finding that Phil’s Motor Service was at the time of the accounting simply the alter ego of Bank Repo Center; however, it does not establish that Phillip Hornsby individually was the alter ego of Bank Repo Center. Moreover, none of these factors, considered individually or collectively, establishes that there was a partnership made up of Mack Hornsby and Phillip Hornsby at the time the workers’ compensation award was entered; rather, they established, at best — if they are probative at all of the question whether Mack and Phillip formed a partnership — that Mack and Phillip may have formed a partnership at a time after Elkins had received the workers’ compensation award.[1]
Elkins has simply not provided evidence sufficient to prove that a partnership existed before he was awarded workers’ compensation benefits.
*873 “[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment might reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); § 12-21-12(d), Ala.Code 1975. In Watson v. Hamilton, 180 Ala. 3, 5, 60 So. 63, 63 (1912), this Court held that “[a] partnership is never created by implication or operation of law, apart from an express or implied agreement to constitute the relation”; § 10-8-20, Ala.Code 1975 (repealed effective January 1, 2001), provides that “[e]x-cept as provided by Section 10-8-55 [partnership by estoppel], persons who are not partners as to each other are not partners as to third persons.” The only evidence Elkins has provided of an agreement between Mack Hornsby and Phillip Hornsby is the inference from Phillip’s participation in the decision not to pay the workers’ compensation award, the timing of Phillip’s decision to incorporate Phil’s Motor Service in Alabama, and the fact the some financial documents of Bank Repo Center and Phil’s Motor Service for an accounting period after Elkins was awarded workers’ compensation benefits contained identical figures. I do not believe that this inference is substantial evidence that meets Elkins’s burden of proof.
For the foregoing reasons, I believe that the issuance of the writ of execution, insofar as it names Phillip Hornsby in his individual capacity, should be reversed. Therefore, I dissent from quashing the writ of certiorari.
LYONS, J., concurs.

. Even if we were to assume that there was a partnership between Mack and Phillip at the time Phillip participated in the decision not to pay the award to Elkins, and absent evidence indicating that the partnership preexisted that event, under the statute in force at that time, a partner entering an established partnership would be liable only for the debts of the partnership to the extent of the partnership property and would not incur any personal liability. See § 10-8-56, Ala.Code 1975 (repealed effective January 1, 2001) ("A person admitted as a partner into an existing partnership is liable for all the obligations of the partnership arising before his admission ... except, that this liability shall be satisfied only out of partnership property.”). Under the current statute, Phillip Hornsby would not be personally liable either. See § 10-8A-306(b), Ala.Code 1975 (“A person admitted as a partner into an existing partnership is not personally liable for any partnership obligation incurred before the person’s admission as a partner.”).