Alorna Coat Corporation is a company engaged in the business of selling women's clothing. Alorna Coat is a foreign corporation incorporated under the laws of New York. Alorna Coat filed an action against the defendants Jacob S. and Kay Behr, and Paulette Tanner to attempt to establish their personal liability for the debts of Behr, Inc., a Georgia corporation doing business in Alabama. Several other plaintiffs, all creditors of Behr, Inc., joined in the action. Alorna Coat, as well as the other plaintiffs, sold merchandise to Behr, Inc. on credit. The corporation never paid these debts. The plaintiffs seek to recover the amount of the debt and punitive damages.
The plaintiffs allege that at the time Behr, Inc. bought merchandise on credit, the corporation was in a serious financial condition. Several suits were pending against the corporation. The corporation failed to pay its franchise tax in 1978 and 1979. The plaintiffs allege that Jacob Behr, Kay Behr, and Paulette Tanner, as agents, officers or directors of the corporation fraudulently concealed this information and induced the various plaintiffs to extend credit to the corporation.
The complaint was amended to add a count alleging that Jacob S. Behr was the alter ego of the corporation and used Behr, Inc. to defraud the creditors. The plaintiffs alleged in paragraph 6 of the amended complaint: *Page 498 
 6. The corporation was under the individual domination of Jacob S. Behr. He transferred funds back and forth between the corporate bank accounts and other business accounts. He owned all, or substantially all, of the stock of the corporation. The corporation was undercapitalized. The shareholders and directors did not meet regularly. The other directors had no active voice in running the affairs of the corporation. The corporation has been a shell for the past two years, not even paying the Alabama corporate franchise tax. When the Defendant closed the Dothan store in 1977, he did not notify his creditors as required by the Alabama Bulk Sales Act. The Defendant has been, and is, paying debts of the corporation with funds taken from other businesses which he owns. No corporate formalities have been, or are, observed and the corporation is Jacob S. Behr and Jacob S. Behr is the corporation.
The trial court granted the defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to ARCP 12 (b)(6). We reverse.
A motion to dismiss for failure to state a claim should seldom be granted. Bragg v. Jim Skinner Ford, Inc.,396 So.2d 1055 (Ala. 1981); Winn-Dixie Montgomery, Inc. v. Henderson,371 So.2d 899 (Ala. 1979). A motion to dismiss should be granted only when it appears on the face of the complaint the plaintiff can prove no set of facts entitling him to relief. Id. The issue presented by a motion to dismiss is not the likelihood of the plaintiffs' prevailing in the action, but whether the plaintiffs should be permitted to present evidence in support of the claim. Schuerer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683,40 L.Ed.2d 90 (1976).
The complaint in the present action is clearly sufficient to survive a motion to dismiss. If the plaintiffs can prove their allegations that Behr is the "alter ego" of Behr, Inc., they will be entitled to recover.
A complaint states a cause of action if any set of facts can establish that a shareholder, director, or officer is the alter ego of a corporation. Leeward Petroleum, Ltd. v. Mene GrandeOil Co., 415 F. Supp. 158 (D.Del. 1976). See Tri-State BuildingCorp. v. Moore-Handley, Inc., 333 So.2d 840 (Ala. 1976); Cohenv. Williams, 294 Ala. 417, 318 So.2d 279 (1975). While the presumption in Alabama is that a corporation is a separate and distinct legal entity from its shareholders, officers and directors, this rule may be disregarded in the appropriate circumstances, such as when the corporate form is being used to evade personal responsibility. Cohen v. Williams, 294 Ala. 417,318 So.2d 279 (1975). The decision of when to impose personal liability on a shareholder or officer is a question of fact to be determined on a case by case basis. Id. Therefore, a motion to dismiss is seldom proper in such a case.
We hold that the trial court erred in dismissing the complaint for failure to state a claim. The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.