John Jerue and Charles Forester are officers and stockholders of Forester Jerue, *Page 831 
Inc., a truck brokerage firm. The appellee, Allen Daniels, was an employee of Forester Jerue, Inc. Daniels operated a truck terminal for the corporation in Prattville, Alabama. Daniels was to receive one half of the net profits derived from the operation of the terminal as compensation for his services. Daniels never received the compensation.
Daniels brought an action for breach of the employment agreement for failing to compensate him for his work. Daniels attached funds of the corporation in Alabama to satisfy the debt.
The appellants, defendants below, made a Rule 12 (b)(6) motion to dismiss for failure to state a claim. The court never ruled on this motion. On March 25, 1981, Daniels filed a motion for summary judgment. On May 1, 1981, the Court granted the motion for summary judgment against all defendants. The defendants filed a Rule 59 (e) motion to alter, amend or vacate the judgment on May 19, 1981. The defending parties asserted that the motion to alter, amend or vacate the judgment should be granted on the grounds that the trial court erroneously granted a summary judgment against the individual defendants. On July 9, 1981, the appellants made a motion to supplement the motion to alter, amend or vacate the judgment. This motion was made prior to the hearing on the original Rule 59 (e) motion. The defendants, in their motion to supplement, wished to assert additional legal grounds for the Rule 59 (e) motion. The major ground for the motion was that the trial court was precluded from granting the summary judgment because of the failure of the trial court to rule on the motion to dismiss and to permit the defendants to answer.[1] The trial court refused to grant both motions, and permitted the summary judgment to stand.
The appellants assert that the trial court erred in refusing to grant the motions to alter, amend or vacate the judgment and the motion to supplement the Rule 59 (e) motion. We reverse in part, and affirm in part. We affirm the denial of the motion to supplement or amend the Rule 59 (e) motion. We reverse the summary judgment against the individual defendants. We do not address the issue of the propriety of granting the summary judgment against the corporate defendant. The corporation is in bankruptcy proceedings in the Central District of California. The Bankruptcy Court stayed all proceedings against Forester Jerue, Inc.
Very little authority exists on the issue of when a trial court may allow a party to supplement a Rule 59 (e) motion. Professor Moore suggests the following standard for motions under Rule 59 in general:
 "[A] Trial Court, in the exercise of sound judicial discretion [may] allow a subsequent amendment of the motion to state additional grounds for granting of the motion. If the motion to amend is made before the [thirty (30) day] period of Rule 59 has run it would normally be allowed as of course. If made thereafter, the Trial Court should determine whether it would serve the ends of justice to allow the amendment to be made in a particular case.
 "An important consideration for the Court would naturally be to prevent the hearing and the determination of the motion to be delayed unnecessarily. Thus, a party should rarely be allowed to amend the motion after there has been a hearing and the Court has taken the matter under advisement. But there is no reason why a party should not be permitted to amend if this would not unreasonably delay a hearing and the mover shows good reason why he did not state the grounds in the original motion."
(emphasis supplied) 6A Moore's Federal Practice, 59.09 (2).
This position is supported by the special concurring opinion of Justice Maddox and *Page 832 
Chief Justice Torbert in Thompson v. Keith, 365 So.2d 971 (Ala. 1978). Thompson v. Keith involved an amendment of an ARCP 59 (a) motion for a new trial. Justice Maddox stated that a trial court has discretion to permit amendment of a motion for a new trial when a party has filed a timely Rule 59 (a) motion. Although timely filing of a motion to alter, amend or vacate a judgment is a jurisdictional act, once the trial court's jurisdiction is established, it may permit amendments to the motion. See Fasslerv. Moran, 576 F.2d 1372 (9th Cir. 1978).
In the present action, the trial court did not abuse its discretion in refusing to grant the motion to supplement the Rule 59 (e) motion. The appellants offer no showing of why they failed to raise the issue of the motion to dismiss in the original motion to alter, amend or vacate. Furthermore, even if the motion to supplement was granted, the appellants could not succeed. The trial court's failure to rule on the appellants' motion to dismiss did not preclude the trial court from rendering a summary judgment in favor of Daniels. Under Rule 56, the filing of an answer is not a prerequisite to the consideration of a motion for a summary judgment. See First American Bank v. United EquityCorp., 89 F.R.D. 81 (D.D.C. 1981); Real Coal, Inc. v. ThompsonTractor Co., 379 So.2d 1249 (Ala. 1980). By granting the appellee's motion for summary judgment, the trial court by implication ruled adversely on the appellants' motion to dismiss. This satisfies the requirements of Rule 12 (d) that the trial court determine a Rule 12 motion before trial.
The trial court erred in granting Daniels's motion for summary judgment, and thus erred in failing to grant the appellants' motion to alter, amend or vacate the judgment under Rule 59 (e). A summary judgment should be granted only when, after viewing the evidence in favor of the nonmoving party, it appears that there is no material issue of fact and the nonmoving party cannot prevail. Raley v. Royal Insurance Co., 386 So.2d 742 (Ala. 1980);Amason v. First State Bank of Lineville, 369 So.2d 547 (Ala. 1979).
The appellants presented no evidence rebutting the allegations of Daniels. Nevertheless, Daniels's complaint and supporting affidavits fail to allege a theory upon which the individual appellants should be liable for the debts of the corporation. The affidavits of Daniels, taken alone, merely establish that the corporation owed Daniels compensation.
The presumption in Alabama is that a corporation is a separate and distinct legal entity from its shareholders, officers and directors. Alorna Coat Corp. v. Behr, [1981] 408 So.2d 496 (Ala. 1981); Cohen v. Williams, 294 Ala. 417, 318 So.2d 279 (1975). This rule may be disregarded in the appropriate circumstances, such as when a shareholder is the alter ego of the corporation. The complaint in the present action did not allege that the appellants, Forester and Jerue, were the alter ego of the corporation or any other cognizable action for personal liability. The testimony in the affidavits does not allege that there was any commingling of funds of the individuals and the corporation, that corporate formalities were not met, that the corporation was a mere shell, that the corporation was undercapitalized, or any of the myriad factors which may indicate that an individual is liable for corporate debts. Thus, even though the affidavits and pleadings may establish a debt owed by the corporation, they do not justify an inference that individuals are liable for the debt. The summary judgment against Forester and Jerue as individuals must be reversed, and the cause remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] The appellants also asserted that the pendency of a bankruptcy proceeding involving the corporation precluded a determination of its liability in this proceeding. Since that time, the bankruptcy court has issued an injunction against continuation of this proceeding against Forester Jerue, Inc. Therefore, the question of whether the trial court should have granted the motion to amend on the basis of the bankruptcy proceeding is rendered moot. *Page 833