H.E. Hamrick appeals from the judgment of the Jackson County Circuit Court in favor of the plaintiff, First National Bank of Stevenson ("Bank"). We affirm.
The Bank's complaint alleged that Hamrick had executed a promissory note on behalf of Hamrick Construction Corporation in the principal amount of $110,000, and that the note was in default. The Bank further claimed that Hamrick Construction Corporation was the alter ego of Hamrick, the sole stockholder of the corporation, and on that basis sought judgment against Hamrick individually. A default judgment was entered against Hamrick Construction Corporation, H.E. Hamrick d/b/a Hamrick Construction Company, and H.E. Hamrick individually. The default judgment against H.E. Hamrick individually was set aside, and the cause proceeded to trial. The trial court, after hearing the evidence, rendered judgment against Hamrick. The court determined that "H.E. Hamrick grossly abused the privilege of a separate corporate existence . . . from the time these transactions were entered into by these parties, and that the separate corporate existence should be disregarded." On appeal, Hamrick contends that the evidence does not support the trial court's judgment.
Where a trial court hears ore tenus testimony, its findings of fact based upon that testimony are presumed correct if supported by competent evidence. Collins v. Windsor,505 So.2d 1205 (Ala. 1987); Dennis v. Dobbs, 474 So.2d 77 (Ala. 1985). Those findings, if supported by the evidence or any reasonable inference therefrom, will not be disturbed on appeal unless they are plainly and palpably erroneous and manifestly unjust.Robinson v. Hamilton, 496 So.2d 8 (Ala. 1986); First AlabamaBank of Montgomery, N.A. v. Coker, 408 So.2d 510 (Ala. 1982). The trial court in this case found that a combination of factors justified disregarding the separate corporate existence. The court stated its findings with regard to those factors as follows:
 "There is evidence that [Hamrick] used the corporation for his personal benefit during the time [of], and shortly after, these transactions.
 "There is substantial evidence that the corporation was inadequately capitalized, at least at the time of the last advancement made.
 "The courts have held that the draining of corporate assets to render a corporation judgment-proof would constitute *Page 1243 
fraud, and this certainly was accomplished in this case."
We find that the evidence in this case supports the judgment of the trial court.
The promissory note on which the Bank bases its claim was executed by Hamrick, as president of Hamrick Construction Corporation, on May 27, 1983. This note, in the principal amount of $110,000, was a consolidation of four notes of the corporation. The last of the four notes had been executed on March 29, 1987, at which time the Bank made a $50,000 cash advance to Hamrick Construction Corporation.
Prior to the making of the consolidation note, the Bank requested a current financial statement. On April 21, 1983, Hamrick forwarded to the Bank a copy of his corporate financial statement as of June 30, 1982. The president of the Bank testified that he reviewed that financial statement and that he relied on it in deciding to renew the corporation's credit. The corporate financial statement listed as an asset a parcel of land in Rainsville, Alabama, valued at $200,000. Hamrick did not disclose to the Bank that this parcel had been conveyed to his wife for her assumption of the $35,000 mortgage on the property.
The record also discloses that on April 1, 1983, the title to a number of vehicles and items of equipment was transferred from Hamrick Construction Corporation to Hamrick individually. Hamrick subsequently transferred title to those items to his wife or to other family members. The transfer of those assets was not disclosed to the Bank, although the items were listed as assets of the corporation on the financial statement.
Also included on the corporate financial statement were accounts receivable from the Rainsville Housing Authority and the Boaz Housing Authority. Over $125,000 was received as proceeds from these accounts receivable in December 1984. Hamrick received these funds in the form of a check from his attorney, and Hamrick then had the funds converted to cashier's checks made payable to Hamrick Construction Corporation. Hamrick subsequently endorsed the checks as president of the corporation, and he cashed the checks. Hamrick testified that he paid himself over $14,000 as repayment for loans he had made to the corporation. Hamrick paid himself $111,000 as back salary, based on a resolution of Hamrick Construction Corporation approved on September 11, 1981, that authorized such repayment "retroactively to September 16, 1981, at such time as the Corporation's financial condition improved sufficiently to warrant such action." The trial court determined that the wages alleged to be due Hamrick were not a legitimate obligation of the corporation.
Hamrick contends that any transaction involving the corporation and himself individually was either an arm's length transaction or one giving money to him which was used to satisfy corporate obligations. According to Hamrick, the evidence is not sufficient to overcome the presumption that "a corporation is a separate and distinct legal entity from its shareholders, officers and directors." Forester Jerue, Inc.v. Daniels, 409 So.2d 830, 832 (Ala. 1982). However, this rule may be disregarded under proper circumstances, as recognized inCohen v. Williams, 294 Ala. 417, 420, 318 So.2d 279, 281
(1975):
 "[W]hen the corporate form is being used to evade personal responsibility this court has not been hesitant to disregard the corporate form and impose liability on the person controlling the corporation and subverting it to his personal use by the conduct of its business in a manner to make it merely his instrumentality."
Citing Cohen, the Court stated in Barrett v. Odom, May DeBuys, 453 So.2d 729, 732 (Ala. 1984), that "[a] corporation and the individual or individuals owning all its stock and assets can be treated as identical, even in the absence of fraud, to prevent injustice or inequitable consequences." Whether personal liability should be imposed upon Hamrick as the alter ego of Hamrick Construction Corporation is a question of fact. Alorna Coat Corp. v. Behr, 408 So.2d 496 (Ala. 1981);Woods v. Commercial Contractors, Inc., 384 So.2d 1076 (Ala. 1980). The trial court's determination *Page 1244 
of that question was adverse to Hamrick.
After reviewing the testimony and other evidence presented to the trial court, we conclude that the findings of the trial court are supported by the evidence and are not plainly erroneous or manifestly unjust. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.