673 So.2d 422 (1995)
TRANSAMERICAN PROPERTIES, INC., et al.
v.
Reginald WATKINS.
AV93000766.
Court of Civil Appeals of Alabama.
March 3, 1995.
Rehearing Denied March 24, 1995.
*423 Jack Drake of Drake & Pierce, Tuscaloosa, for Luther Stanley Pate IV.
Nat Bryan of Pittman, Hooks, Marsh, Dutton & Hollis, P.C., Birmingham, for appellee.
MONROE, Judge.
This is a workmen's compensation case.
Reginald Watkins sued Transamerican Properties, Inc., Transamerican Equipment Company, Inc., Pate Companies, and three fictitious parties to recover workmen's compensation benefits. All three companies were served by mail addressed in care of Luther S. Pate IV. On the day of trial, but before evidence was taken, Watkins amended *424 the complaint to add LSP Construction Company, Inc., and Pate Development, Inc., as defendants. The amended complaint also was served addressed in care of Luther S. Pate IV. Pate was not individually named as a defendant.
Following an ore tenus proceeding, the trial court found that Watkins was entitled to workmen's compensation benefits. The trial court also found that at the time of Watkins's injury, Transamerican Properties was his general employer and LSP Construction was his special employer; and that "Pate Company" was not a legal entity and, therefore, was not Watkins's employer. Further, the trial court found that the other entities named in the action were not liable. The court also found that there was sufficient evidence to pierce the corporate veil and hold Luther Stanley Pate IV personally liable for workmen's compensation benefits. Pate appeals. We note that although Transamerican Properties and LSP Construction also were held liable for workmen's compensation benefits and their names appear in the style of this appeal, the only issues raised on appeal deal with Pate's personal liability. Pate argues that the trial court erred in rendering a judgment against him, when, he says, he never was named as a defendant, never was served with a complaint, and was not put on notice before trial of any claim of personal liability against him. Pate argues that on the day Watkins amended his complaint to add the two additional corporate defendants, he chose not to substitute Pate for the fictitious party identified as "[t]hat person or those persons, individually or and/or as partners, who was plaintiff's employer." That fictitious party was dismissed under the operation of Rule 4(f), Ala.R.Civ.P., Pate says, when Watkins went to trial against the named defendants. Rule 4(f) provides that "defendants designated as fictitious parties as allowed by Rule 9(h) ... shall be deemed to have been dismissed voluntarily when the case [is] announced ready for trial against other defendants sued by their true names." Pate contends that because he never was made a defendant in this action, the trial court lacked personal jurisdiction over him and the judgment against him is void and must be set aside.
For a judgment to be void, the court rendering the judgment must have lacked jurisdiction of the subject matter or of the parties, or have acted in a manner inconsistent with due process. Smith v. Clark, 468 So.2d 138 (Ala.1985). "`The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.'" Ex parte Tampling Tile Co., 551 So.2d 1072, 1074 (Ala.Civ.App. 1989), quoting Humane Society of Marshall County v. Adams, 439 So.2d 150, 152 (Ala. 1983).
Pate took part in pretrial proceedings and appeared before the trial court. One of the issues fully litigated before the court was whether to pierce the corporate veil; that issue is relevant only to show that Pate is personally liable for Watkins's workmen's compensation benefits. The issue is irrelevant to whether the corporations are liable to Watkins. Therefore, we reject Pate's argument that he was before the court strictly as the president and personal representative of the corporations named in the complaint. Pate submitted himself to the trial court's jurisdiction, and his participation throughout the litigation satisfies due process requirements. See, Ex parte Tampling Tile Co., 551 So.2d 1072, 1074 (Ala.Civ.App.1989). Because he submitted himself to the jurisdiction of the trial court and litigated the issue of personal liability, service of process was not essential. Persons v. Summers, 274 Ala. 673, 680, 151 So.2d 210, 214-15 (1963). "The purpose of process is to bring the defendant into court and may be by him waived." Id.
Further, the Alabama Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action." Rule 1(c), Ala.R.Civ.P. "The rules are designed to prevent preclusion of a viable claim or defense because of `technical inaccuracy in pleading.'" Hughes v. Cox, 601 So.2d 465, 468 (Ala.Civ.App.1992), quoting Prescott v. Thompson Tractor Co., 495 So.2d 513, 516 (Ala.1986).
"By operation of Rule 15(b), A.R.Civ.P., pleadings are automatically amended to conform to the evidence when issues are tried by *425 the express or implied consent of the parties." Associates Financial Services Co. of Alabama, Inc. v. Barbour, 592 So.2d 191, 197 (Ala.1991).
"Implied consent of the parties can be inferred from an opposing party's failure to object to introduction of evidence raising the disputed issue initially. Bischoff v. Thomasson, 400 So.2d 359 (Ala.1981), Hawk v. Bavarian Motor Works, 342 So.2d 355 (Ala.1977). Additionally, implied consent may be inferred when the opposing party himself offered evidence relative to the issue. Id. at 358."
International Rehabilitation Associates, Inc. v. Adams, 613 So.2d 1207, 1213 (Ala.1992).
"Rules 15(b) and 54(c), Alabama Rules of Civil Procedure, permit a trial court to render a judgment that is not based on the pleadings if such a judgment is supported by the evidence. Martin v. Martin, 479 So.2d 51 (Ala.Civ.App.1985). Furthermore, Rule 21, A.R.Civ.P., provides broad discretion to the trial court to add or drop parties on its own initiative at any stage in the proceedings before it. Wood v. City of Huntsville, 384 So.2d 1081 (Ala.1980)."
Ex parte Tampling Tile Co., 551 So.2d 1072, 1074 (Ala.Civ.App.1989).
Our review of the record shows that Pate did not object to evidence regarding piercing the corporate veil; rather, he introduced evidence supporting his contention that the corporate veil should not be pierced. During closing arguments, Pate's counsel argued against piercing the corporate veil. Therefore, Pate at least impliedly consented to the litigation of this issue, even though it was not raised in the pleadings. Further, Pate came before the trial court and fully litigated the issue of whether to pierce the corporate veil to find Pate personally liable for Watkins's workmen's compensation benefits; therefore, the trial court did not abuse its discretion in adding Pate as a defendant and entering a judgment against him.
Pate also contends that the trial court erred in finding that the facts of this case justified piercing the veil of the corporations that employed Watkins to find Pate personally liable for workmen's compensation benefits.
"The factors to be considered when determining whether to pierce the corporate veil are well established:
"`Piercing the corporate veil is not a power that is lightly exercised. The concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in this state. Co-Ex Plastics, Inc. v. AlaPak, Inc., 536 So.2d 37 (Ala.1988). Alorna Coat Corp. v. Behr, 408 So.2d 496 (Ala. 1981). The mere fact that a party owns all or a majority of the stock of a corporation does not, of itself, destroy the separate corporate identity. Messick v. Moring, 514 So.2d 892 (Ala.1987); Forester & Jerue, Inc. v. Daniels, 409 So.2d 830 (Ala.1982). The fact that a corporation is under-capitalized is not alone sufficient to establish personal liability. Co-Ex Plastics, Inc. v. AlaPak, supra; East End Memorial Association v. Egerman, 514 So.2d 38 (Ala.1987). To pierce the corporate veil, a plaintiff must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequences. Washburn v. Rabun, 487 So.2d 1361 (Ala.1986); Cohen v. Williams, 294 Ala. 417, 318 So.2d 279 (1975).
"`. . . .
"`... Where the law recognizes oneman corporations, it is obvious that the law accepts the fact of domination by one person. See Ala.Code 1975, §§ 10-2A-90, 10-2A-58, 10-2A-57; Co-Ex Plastics, Inc. v. AlaPak, Inc., supra. Therefore, mere domination cannot be enough for piercing the corporate veil. There must be the added elements of misuse of control and harm or loss resulting from it. Messick v. Moring, supra; Washburn v. Rabun, supra.
"`"The corporate veil may be pierced where a corporation is set up as a subterfuge, where shareholders do not observe the corporate form, where the legal requirements of corporate law are not complied with, where the corporation maintains no corporate records, where the corporation maintains no corporate *426 bank account, where the corporation has no employees, where corporate and personal funds are intermingled and corporate funds are used for personal purposes, or where an individual drains funds from the corporation. See, e.g., Forester & Jerue, Inc. v. Daniels, supra; Hamrick v. First National Bank of Stevenson, [518 So.2d 1242 (Ala.1987)]; Deupree v. Ruffino, 505 So.2d 1218 (Ala. 1987); Messick v. Moring, supra; East End Memorial Association v. Egerman, supra.'"
"Backus v. Watson, 619 So.2d 1342, 1345 (Ala.1993), quoting Simmons v. Clark Equipment Credit Corp., 554 So.2d 398, 400-01 (Ala.1989)."
Econ Marketing, Inc. v. Leisure American Resorts, Inc., 664 So.2d 869, 870 (Ala.1994).
The trial court's judgment in this case was based on ore tenus evidence, and the ore tenus rule applies. Under that rule, "A trial court's judgment, `where supported by the evidence, is presumed correct and should be reversed only if the judgment is found to be plainly and palpably wrong, after a consideration of all the evidence and after drawing all inferences that can logically be drawn from the evidence.'" Backus v. Watson, 619 So.2d 1342, 1345 (Ala.1993), quoting Thomas v. Neal, 600 So.2d 1000, 1001 (Ala.1992).
In its order, the trial court found that Pate dominated both Transamerican Properties, Inc., and LSP Construction, Inc. The court further found that the corporations were grossly undercapitalized, and that neither owned any assets to compensate Watkins for his injury. Also, the court found that Pate did not have workmen's compensation insurance to cover employees of either corporation.
The trial court then found that those facts "constitute misuse of the corporate form to avoid legal liabilities, and further, create an injustice or inequity sufficient to pierce the corporate veil and make Luther Stanley Pate, IV personally liable for workman's compensation benefits."
The ore tenus rule requires us to give great deference to the trial court's finding of fact. Backus v. Watson, 619 So.2d at 1346. After reviewing the record in this case, we hold that the evidence supports the trial court's findings of fact, and the trial court cannot be said to have been plainly or palpably wrong in finding that the corporate veil should be pierced. While it is true that mere undercapitalization or dominance by one person alone would not be enough to pierce the corporate veil, those two factors, when combined with the fact that the corporate form in this case was misused and created an injustice or inequitable consequences, are enough to support the trial court's finding that Pate is personally liable to Watkins for workmen's compensation benefits.
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.
THIGPEN and YATES, JJ., concur specially.
THIGPEN, Judge, concurring specially.
I concur specially to point out that the result reached by the majority should be expressly limited to the peculiar facts and issues presented by this appeal wherein a litigant seeks to pierce the corporate veil.
Ordinarily, pursuant to our rules of pleading, the failure to serve or add Luther S. Pate IV, as a party defendant by a motion of the plaintiff or by an order of the trial court would result in a void judgment. Smith v. Clark, 468 So.2d 138 (Ala.1985). The general rule pertaining to the disregard of a corporate entity was stated by our Supreme Court as follows:
"`The doctrine that a corporation is a legal entity existing separate and apart from the persons composing it is a legal theory introduced for purposes of convenience and to subserve the ends of justice. The concept cannot, therefore, be extended to a point beyond its reason and policy, and when invoked in support of an end subversive of this policy, will be disregarded by the court. Thus, in an appropriate case and in furtherance of the ends of justice, a corporation and the individual or *427 individuals owning all its stock and assets will be treated as identical.'"
Cohen v. Williams, 294 Ala. 417, 420, 318 So.2d 279, 280 (1975) (citation omitted).
YATES, J., concurs.