Steve Lander; Bama Lanes, Inc.; and The Kove, Inc. (hereinafter referred to as "Lander"), filed a complaint in the Montgomery County Circuit Court against Ramko, Inc., a/k/a Ramko Management, Inc.; and James Rahaim (hereinafter referred to as "Ramko"). Lander alleged breach of a lease agreement and conversion.
The parties appeared at trial and informed the trial court that they had reached a settlement. The trial court entered a judgment, stating, in pertinent part:
 "1. That [Lander has] a judgment in the amount of $45,000.00 plus court costs against Ramko Management, Inc., [a/k/a] Ramko, Inc., for which execution may issue.
 "2. That James S. Rahaim is dismissed with prejudice."
Five months after entry of the judgment, Lander filed a motion to pierce the corporate veil, seeking to pursue collection of the judgment from Rahaim. Ramko filed a response to Lander's motion. Following a hearing, the trial court entered an order, piercing the corporate veil of Ramko and allowing Lander to pursue collection against Rahaim.
Ramko appeals, contending that the trial court's judgment was unsupported by any evidence, that Lander's motion was barred by the doctrine of res judicata, and that the trial court lacked jurisdiction over Rahaim.
Our supreme court has held that the factors to be considered when determining whether to pierce the corporate veil are:
 " ' "Piercing the corporate veil is not a power that is lightly exercised. The concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in this state. Co-Ex Plastics, Inc. v. AlaPak, Inc., 536 So.2d 37 (Ala. 1988). Alorna Coat Corp. v. Behr, 408 So.2d 496 (Ala. 1981). The mere fact that a party owns all or a majority of the stock of a corporation does not, of itself, destroy the separate corporate identity. Messick v. Moring, 514 So.2d 892 (Ala. 1987); Forester Jerue, Inc. v. Daniels, 409 So.2d 830 (Ala. 1982). The fact that a corporation is under-capitalized is not alone sufficient to establish personal liability. Co-Ex Plastics, Inc. v. AlaPak, supra; East End Memorial Association v. Egerman, 514 So.2d 38 (Ala. 1987). To pierce the corporate veil, a plaintiff must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequences. Washburn v. Rabun, 487 So.2d 1361
(Ala. 1986); Cohen v. Williams, 294 Ala. 417, 318 So.2d 279 (1975).
" ' ". . . .
 " ' ". . . Where the law recognizes one-man corporations, it is obvious that the law accepts the fact of domination by one person. See Ala. Code 1975, §§ 10-2A-90, 10-2A-58, 10-2A-57; Co-Ex Plastics, Inc. v. AlaPak, Inc., supra. Therefore, mere domination cannot be enough for piercing the corporate veil. There must be the added elements of misuse of control and harm or loss resulting from it. Messick v. Moring, supra; Washburn v. Rabun, supra.
 " ' "The corporate veil may be pierced where a corporation is set up as a subterfuge, where shareholders do not observe the corporate form, where the legal requirements of corporate law are not complied with, where the corporation maintains no corporate records, where the corporation maintains no corporate *Page 647 
bank account, where the corporation has no employees, where corporate and personal funds are intermingled and corporate funds are used for personal purposes, or where an individual drains funds from the corporation. See, e.g., Forester Jerue, Inc. v. Daniels, supra; Hamrick v. First National Bank of Stevenson, [518 So.2d 1242 (Ala. 1987)]; Deupree v. Ruffino, 505 So.2d 1218 (Ala. 1987); Messick v. Moring, supra; East End Memorial Association v. Egerman, supra." '
 "Backus v. Watson, 619 So.2d 1342, 1345 (Ala. 1993), quoting Simmons v. Clark Equipment Credit Corp., 554 So.2d 398, 400-01 (Ala. 1989)."
Econ Marketing, Inc. v. Leisure American Resorts, Inc.,664 So.2d 869, 870 (Ala. 1994).
Lander did not present any evidence at the hearing on the motion to pierce the corporate veil; the trial court heard only the arguments of counsel. Therefore, we conclude that Lander failed to show " ' "fraud in asserting the corporate existence or . . . that recognition of the corporate existence [would] result in injustice or inequitable consequences." ' " EconMarketing, Inc., 664 So.2d at 870. Moreover, Lander dismissed Rahaim with prejudice. Prior to the order, Rahaim was no longer a party to the action; therefore, the trial court lacked jurisdiction over Rahaim, and its judgment is void against Rahaim.
The judgment of the trial court is due to be reversed and this cause is remanded for entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES,
MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.