On September 15, 1998, Harold Yarbrough and four other similarly situated plaintiffs sued Alabama Earth Products, Inc. ("AEP"), and Robert Ledford, individually, alleging that the defendants had negligently, recklessly, and/or wantonly deposited waste on the plaintiffs' property, causing irreparable damage to the property. Yarbrough sued on claims of trespass and private and public nuisance. Ledford moved to dismiss, or, in the alternative, for a summary judgment, arguing that he had had no personal involvement in the alleged conduct and that he had acted as an employee of the corporation.
Following an ore tenus proceeding, the court, on April 8, 1999, entered an order granting Ledford's motion, dismissing him in his individual capacity as a defendant. On September 22, 1999, pursuant to Yarbrough's request, the court entered an order making the summary judgment final as to Ledford. The order stated, in part:
 "The Court heard oral arguments and briefs of the parties on or about March 5, 1999, considered same, and entered its order granting the motion on April 7, 1999. In entering that non-final order the Court was of the opinion, after reviewing the evidence and hearing argument of counsel, that Mr. Ledford, President and CEO of co-defendant, Alabama Earth Products, had no personal responsibility in the conduct alleged by the plaintiffs in their complaint including negligence, wantonness, trespass, and creation of a nuisance. The plaintiffs now ask this Court to make said Order final in all respects as to Robert Ledford pursuant to Alabama Rules of Civil Procedure 54(b).
". . . .
 "Submitted by the plaintiffs in response to defendant Ledford's Motion to Dismiss, or in the Alternative Summary Judgment, was Mr. Ledford's deposition. Mr. Ledford is President and CEO of Alabama Earth Products. As an employee of Alabama Earth Products he participated in some of the activities complained of by plaintiffs in their lawsuit. Should this Court be in error in granting Ledford's motion and the other parties litigate their complaint to a conclusion, the result would be an additional trial of plaintiffs' claims against defendants which would be virtually a duplicate of the trial adjudicating the claim against the remaining defendant.
 "As such, should this case go to trial against the corporate entities alone without having appellate review of this Court's decision relative to the activities of Mr. Ledford, duplicate trials might be had on the same issues with the same witnesses and in essence the same parties involved."
Yarbrough appealed, arguing that the court erred in entering a summary judgment in favor of Ledford, because, he says, there is a genuine question of fact as to whether Ledford is personally liable as a corporate officer of EAP and whether the corporate veil should be pierced so as to hold Ledford liable for the acts of AEP. Yarbrough contends that the corporate veil should be pierced, because Ledford is president and sole shareholder of both EAP and Ledford Environmental Services Company ("LESCO").[1] This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975. *Page 1053 
A summary judgment is appropriate only when the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Ala.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting "substantial evidence" creating a genuine issue of material fact. § 12-21-12, Ala. Code 1975; Hope v.Brannan, 557 So.2d 1208 (Ala. 1989). The evidence will be viewed in a light most favorable to the nonmoving party. King v. Winn-Dixie ofMontgomery, Inc., 565 So.2d 12 (Ala. 1990).
In United Merchants Manufacturers, Inc. v. Sanders, 508 So.2d 689
(Ala. 1987), our supreme court reiterated the long-standing principle regarding the issue of personal liability of corporate officers, stating:
 "Fletcher's Cyclopedia of Corporations § 1135, at 267-68 (1986) summarizes the general rule as to liability of directors and officers to third persons for torts as follows:
 "`It is thoroughly well settled that a person is personally liable for all torts committed by him, consisting in misfeasance — as fraud, conversion, acts done negligently, etc. — notwithstanding he may have acted as the agent or under directions of another. And this is true to the full extent as to torts committed by the officers or agents of a corporation in the management of its affairs. The fact that the circumstances are such as to render the corporation liable is altogether immaterial. . . . Corporate officers are liable for their torts, although committed when acting officially. . . . This rule does not depend on the same grounds as "piercing the corporate veil," that is, inadequate capitalization, use of the corporate form for fraudulent purposes, or failure to comply with the formalities of corporate organization. This principle is applicable to directors, officers, and agents of a corporation when funds entrusted to it have been converted, even though they were used for the benefit of the corporation and not the officers concerned. They are liable for their torts regardless of whether the corporation is liable. . . .'"
Id. at 691; see also Crigler v. Salac, 438 So.2d 1375 (Ala. 1983). Reviewing the applicable caselaw, and based on the facts presented in this case, we conclude that the court correctly determined that Ledford was not personally liable on claims of trespass and nuisance. See alsoRice v. Merritt, 549 So.2d 508 (Ala.Civ.App. 1989) (no personal liability on nuisance claim for corporate officer).
In addition, Alabama law provides: "Neither a subscriber nor a shareholder of a corporation is personally liable for the acts or debts of the corporation." § 10-2B-6.22(b), Ala. Code 1975. In EconMarketing, Inc. v. Leisure American Resorts, Inc., 664 So.2d 869 (Ala. 1994), our supreme court stated:
 "`Piercing the corporate veil is not a power that is lightly exercised. The concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in this state. The mere fact that a party owns all or a majority of the stock of a corporation does not, of itself, destroy the separate corporate identity.
"`. . . .
 "`. . . Where the law recognizes one-man corporations, it is obvious that the law accepts the fact of domination by one person. Therefore, mere domination cannot be enough for piercing the corporate veil. There must be the added elements of misuse of control and harm or loss resulting from it.'"
Id., at 870 (citations omitted).
After reviewing Ledford's deposition testimony, we conclude that the evidence supported the trial court's refusal to pierce the corporate veil. Ledford, a resident of Georgia, started AEP in 1992 in *Page 1054 
Etowah County, Alabama, for the purpose of composting and disposing of raw food materials. The property is located on 65 acres of land, which is owned by the corporation. Ledford is the president and sole stockholder of the corporation. AEP is under contract to process the materials for LESCO, which is also solely owned by Ledford. The dispute involves complaints by neighboring residents that the AEP plant produces waste that, because of the odor and flies, has damaged the neighboring property. We find no evidence that Ledford acted in a negligent manner or misused his official capacity in the operation of either entity. Therefore, Ledford was entitled to a judgment as a matter of law.
AFFIRMED.
Robertson, P.J., and Monroe and Thompson, JJ., concur.
Crawley, J., dissents.
[1] LESCO is an environmental consulting company. AEP is under contract to process waste material for LESCO.