MURDOCK, Justice
(dissenting).
The covenant at issue was made by Wal-Mart Stores, Inc. (“Wal-Mart”), in favor of Estes Oil Company, Inc. (“Estes”), and it provided that Wal-Mart would not convey the parcel of land at issue to any “other party” for use as a gasoline station. There is no evidence indicating that the parties to this covenant meant anything by the term “other party” except its plain and ordinary meaning.
Sam’s Real Estate Business Trust, Inc. (“Sam’s REBT”), is not Wal-Mart; it is a separate legal entity. It is not even a wholly owned subsidiary of Wal-Mart. It is a subsidiary of a subsidiary of a subsidiary of Wal-Mart. Thus, one might say that it is indirectly owned and controlled by Wal-Mart. The plain language of the covenant here, however, contains no exception for the conveyance of land to entities indirectly owned or controlled by Wal-Mart. By its plain language, it prevents the conveyance of the property to any “other party” — any separate legal entity— for use as a gasoline station.
Wal-Mart has voluntarily used the separate “corporate” form of Sam’s REBT to gain tax advantages and/or to insulate itself from potential liabilities. Having voluntarily chosen the legal advantages offered by this “corporate veil,” Wal-Mart and Sam’s REBT may not so readily ignore their separate status merely because it suits their purposes to do so in the immediate controversy. See, e.g., Joyce v. Super Fresh Food Markets, Inc., 815 F.2d 943, 946 (3d Cir.1987) (“[The defendant] chose to construct a complex corporate family structure.... This structure has afforded the [defendant corporate] family various tax and labor advantages.... While we certainly do not begrudge the [defendant corporate] family these fruits, we will not sympathetically listen as they complain of the other consequences.”); Mitchell Co. v. Campus, CIV.A.08-0342KD-C (S.D. Ala. June 17, 2009) (not reported in F.Supp.2d) (“Even where the directors and officers of one company decided to incorporate a separate company, whatever the motive, they become ‘bound by the disadvantages as well as the advantages of separate incorporation.’”) (quoting Diesel Sys., Ltd. v. Yip Shing Diesel Eng’g Co., 861 F.Supp. 179, 181 (E.D.N.Y.1994)). As one authority put it recently, courts view with “disfavor ... contradictory attempts to secure the benefits of the corporate form while at the same time seeking to avoid the disadvantages of same.” General Nutrition Corp. v. Gardere Wynne Sewell, LLP, 727 F.Supp.2d 377, 387 n. 10 (W.D.Pa.2010).
For that matter, and the most concerning aspect of our decision today, in my opinion, is the ease with which this Court ignores the separate legal status of Wal-Mart and Sam’s REBT and thereby acts in a manner inconsistent with our own decisions — decisions in which we have been careful to observe and to safeguard the separate legal status of a corporation and its shareholders. A substantial showing is necessary to justify ignoring that separate status.
“ ‘ “Piercing the corporate veil is not a power that is lightly exercised. The concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in this state. Co-Ex Plastics, Inc. v. AlaPak, Inc., 536 So.2d 37 (Ala.1988). Alorna Coat Corp. v. Behr, 408 So.2d 496 (Ala.1981). The mere fact that a party owns all or a majority of the stock of a corporation does not, of itself, destroy the separate corporate identity. Messick v. Moving, 514 So.2d 892 (Ala.1987); Forester & Jerue, Inc. v. Daniels, 409 So.2d 830 (Ala.1982).” ’ ”
Econ Mktg., Inc. v. Leisure Am. Resorts, Inc., 664 So.2d 869, 870 (Ala.1994) (quoting Backus v. Watson, 619 So.2d 1342, 1345 *939 (Ala.1993), quoting in turn Simmons v. Clark Equip. Credit Corp., 554 So.2d 398, 400-01 (Ala.1989)(emphasis added)). Here, there is an absence of any showing by Sam’s REBT that the corporate veil (actually, veils) between it and Wal-Mart should be pierced. In the absence of such a showing, and given the absence of any evidence of some special meaning of the term “other party” in the covenant, the Court’s decision today is at odds with long-established and important precedent respecting the ability of parties to take on separate corporate forms.
Finally, the violation of the restrictive covenant here is a matter that may be enforced against Sam’s REBT because the covenant is a recorded encumbrance and by its terms is binding on the “successors and assigns” of Wal-Mart. See also West Town Plaza Assocs., Ltd. v. Wal-Mart Stores, Inc., 619 So.2d 1290, 1296 (Ala.1993) (holding that “[t]he Overlease and the Sublease granted Wal-Mart an easement in land, a property right,” entitling Wal-Mart to injunctive relief).
I therefore must respectfully dissent.
BRYAN, J., concurs.